IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES H. VIAN 197267,

                                                        ORDER

            Petitioner,

                                                     08-cv-569-slc

     v.

D.O.C. (Department of Corrections); MR. HEPP,
Warden; CARRIE TAYLOR, D. Warden; JODY
DAUGHERTY, ICE; TAMMY MAASSEN, HSU
Manager; KENNETH ADLER, Doctor; DEBRA
TIDQUIST, N.P.; SHARON ZUNKER, Medical
Head; KAREN GOURLIE, CCE; CARLA
THOMPSON, Nurse; LEE STACY, Nurse;
BETTY PETERSON, Nurse; and GREG MEIER,
Nurse;

                            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

      Petitioner has responded to the October 2, 2008 order in this case directing him to submit a trust fund account statement for the full six-month period immediately preceding the filing of his complaint. I have examined a copy of petitioner's trust fund account

statement and reviewed this court's own financial records. I conclude that because petitioner is not paying the debt he incurred under the 1996 Prison Litigation Reform Act in connection with another lawsuit he filed in this district, he is not entitled to proceed in forma pauperis in this action at this time.

This court's records show that petitioner's other lawsuit in this court, Vian v. Litscher, 02-C-188-S, was filed on April 1, 2002 and assigned to Judge John C. Shabaz. In an order entered on the same day, Judge Shabaz assessed an initial partial payment of the $150 filing fee in the amount of $6.05. Petitioner paid the $6.05 payment on April 17, 2002. Subsequently, in an order entered on April 18, 2002, Judge Shabaz dismissed petitioner's complaint for his failure to state a claim for relief under federal law. In the same order, Judge Shabaz advised petitioner that the unpaid balance of the filing fee was to be deducted in monthly installments until it was paid in full pursuant to 28 U.S.C. § 1915(b)(2). Since April 17, 2002, petitioner has made no payments toward this debt.

In Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit cautioned prisoner litigants to keep a watchful eye on their accounts and insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis. "If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending funds on personal items until they can be applied properly." Id. at 776. Nonpayment of obligations a prisoner incurs under the Prisoner Litigation Reform Act for any reason other than

destitution is to be understood as a voluntary relinquishment of the prisoner's right to file future suits in forma pauperis, just as if the prisoner had a history of frivolous litigation. Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996).

The trust fund account statement petitioner submitted in this case begins March 3, 2008 and ends October 6, 2008. It shows that he has been receiving income in his prison account on a regular basis, but that he has not been paying 20% of his monthly income toward his debt in case no. 02-C-188-S as required by § 1915(b)(2). The chart below illustrates how much petitioner is in arrears just for the period shown on his trust fund account statement. The first column shows the month in which petitioner received income; the second column shows the amount of his income that month; and the third column shows the amount petitioner should have paid toward his debt.

| Month | Income | Amount Owed (20% of previous month's income) |
|---|---|---|
| March | $10.40 | |
| April | $8 | $2.08 |
| May | $.40 | $1.60 |
| June | $22.80 | $.08 |
| July | $11.60 | $4.56 |
| August | $30.42 | $2.32 |
| September | $22.80 | $6.08 |
| October | | $4.56 |
| **TOTAL** | **$106.42** | **$21.28** |

3

It is not possible to determine the exact amount petitioner must pay in order to bring his account up to date because his trust fund account statement covers only a fraction of the time that has elapsed since petitioner made his first and only payment.  If petitioner intends to continue with this lawsuit, he will have to obtain trust fund account statements from the institutions in which he has been confined since April, 2002 and figure the amount he owes from deposits made to his account during those times.  Until petitioner notifies this court that his account is up to date in case no. 02-C-188-S and provides proof of that fact by supplying copies of his trust fund account statements and a check for the amount he is in arrears, he may not renew his request for leave to proceed in forma pauperis in this case.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED.

Further, IT IS ORDERED that until petitioner shows that he has paid the amount he is in arrears in case no. 02-C-188-S, he may not apply for leave to proceed in forma pauperis in any future action in which he is subject to the 1996 Prison Litigation Reform Act except under the exception permitted under 28 U.S.C. § 1915(g).

Finally, IT IS ORDERED that the clerk is directed to close this file.

Entered this 30th day of October, 2008.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge